996 So.2d 1029 (2008)
In re Jerome W. DIXON.
No. 2008-B-1618.
Supreme Court of Louisiana.
December 2, 2008.
*1030 Charles Bennett Plattsmier, G. Fred Ours, Baton Rouge, for applicant.
James Ronald Clary, Jr., Baton Rouge, Jerome Wayne Dixon, for respondent.
ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Jerome W. Dixon, an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS
The underlying facts of this matter are not in dispute, having been stipulated to by the parties. Respondent represented Tracey Magee in a community property matter. On January 24, 2003, respondent filed a petition for judicial partition of community property on behalf of his client. Magee v. Magee, No. 136,047 on the docket of the Family Court for the Parish of East Baton Rouge. The petition did not request service of process upon Ms. Magee's ex-husband, nor did it contain the information needed to provide service of the petition.[1]
Sometime later, Ms. Magee learned from the clerk of court's office that her exhusband had not been served with the petition. She then contacted respondent and informed him that no service had yet been made. On April 15, 2003, after speaking with Ms. Magee, respondent went to the clerk's office and wrote in the service information on the original petition, thereby altering a public record. At that time, he also paid $60 to have the petition served. The suit record reflects that the petition was served on Ms. Magee's ex-husband on April 22, 2003.
On August 15, 2003, Ms. Magee filed a complaint against respondent with the ODC, alleging that the petition had not been served timely. In response to the complaint, respondent stated that he had requested service of process when he initially filed the petition. Likewise, when respondent gave a sworn statement to the ODC in February 2005, he repeated under oath that he wrote the service information on the petition immediately before he filed it. In both instances, the information provided by respondent was false.

DISCIPLINARY PROCEEDINGS:
Following its investigation, the ODC filed formal charges against respondent, alleging that his conduct violated Rules 1.3 (failure to act with reasonable diligence *1031 and promptness in representing a client), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer),[2] and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Respondent, through counsel, answered the formal charges and denied any misconduct.
This matter then proceeded to a formal hearing on the merits. Both respondent and the ODC introduced documentary evidence at the hearing. The ODC called Tracey Magee to testify before the committee; however, she failed to appear pursuant to the subpoena. Respondent testified on his own behalf, admitting that he made a "bone-headed" mistake when he did not include the service information on the petition for judicial partition of community property. However, he denied that he intentionally lied to or misled the ODC during the investigation.

Hearing Committee Report
After considering the evidence and testimony presented at the hearing, the hearing committee made the following factual findings:
On January 24, 2003, respondent filed the petition for judicial partition of community property without service information. It was respondent's common practice to handwrite service information on original pleadings to distinguish them from copies. Respondent wrote a check for service on April 15, 2003. He acted negligently in failing to include the service information on the petition, but the almost four-month delay in service, which was undoubtedly aggravating for Ms. Magee, did not amount to a violation of Rule 1.3.
Furthermore, respondent altered a public record but did not intend to harm anyone. He simply intended to add what should have been included on the original petition, and he was not aware of the proper procedure for providing the clerk's office with service information in the form of a letter requesting service. The committee found that this technical violation did not amount to a violation of Rules 1.3 or 8.4.
However, the committee did find a violation arising out of respondent's lack of honesty in his dealings with the ODC. The committee found respondent intended to provide false and misleading information to the ODC because of his fear and nervousness in dealing with his relatively minor "bone-headed move" of failing to include service information on the petition. Respondent testified at the formal hearing that he realized on April 15, 2003 that he had not included service information on the petition after Ms. Magee informed him her ex-husband had not been served. When he learned of his mistake, he told Ms. Magee he had left off the service information when he initially filed the petition, and she became very angry. However, in his earlier written responses to the ODC, as well as during his sworn statement, respondent never mentioned these events. Instead, respondent intentionally gave false and misleading information to the ODC during his sworn statement taken on February 17, 2005.
By providing perjured testimony in a sworn statement, the committee determined that respondent violated Rule 8.4(c) of the Rules of Professional Conduct. The committee also determined that respondent acted intentionally and knowingly in violating this rule. Based on the ABA's *1032 Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is a period of suspension.
The committee found the following aggravating factors to be present: submission of false evidence, false statements, or other deceptive practices during the disciplinary process and prior disciplinary offenses.[3]
Considering these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day.
Both respondent and the ODC objected to the hearing committee's report and recommendation.

Disciplinary Board Recommendation
After review, the disciplinary board found that the hearing committee's factual findings are not manifestly erroneous and adopted same. The board made the following determinations concerning the alleged violations of the Rules of Professional Conduct:
Rule 1.3: The board found this rule was violated when respondent failed to ensure that the petition had been served for approximately three months.
Rules 8.4(b) and 8.4(c): The board found these rules were violated by respondent's intentional deceit regarding the handwritten service of process information. The microfilmed copy of the petition lacks any service information and the $60 check was dated April 15, 2003. Only upon his client's call to him advising that her ex-husband had not been served with the petition filed in January 2003 did respondent go and initiate service of the petition. Respondent submitted a false answer to the complaint and during his sworn statement; each time he answered that the service information was submitted with the petition in January 2003.
Further, the ODC has alleged that respondent's action of writing service of process information on a pleading is tantamount to altering a public record in violation of La. R.S. 14:132, a felony. Likewise, the ODC has alleged that respondent's false statements in the disciplinary process rise to a felony in violation of La. R.S. 14:123, for providing false and misleading testimony. There is no evidence in the record that respondent has been found in violation of either La. R.S. 14:132 or 14:123 by a court of competent jurisdiction. However, the board found the record contains evidence of deceit and lying under oath by clear and convincing evidence which is sufficient for finding a violation of Rules 8.4(b) and 8.4(c).
Based on these findings, the board determined that respondent negligently violated duties owed to his client and intentionally violated duties owed to the legal system. Respondent unintentionally failed to have the petition timely served but intentionally gave false information to the ODC regarding the service information. Respondent caused harm to his client and the legal system. Relying on the ABA's Standards for Imposing Lawyer Sanctions, the board determined that suspension is the baseline sanction.
*1033 In aggravation, the board found prior disciplinary offenses, dishonest or selfish motive, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, and substantial experience in the practice of law (admitted 1988). The board found the mitigating factors of remorse and remoteness of prior offenses.
Considering these findings, the board recommended that respondent be suspended from the practice of law for one year and one day.
Both respondent and the ODC filed objections to the disciplinary board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, respondent is charged with neglecting a legal matter, altering a public record, and making false statements to the ODC. The record reveals that respondent acted as charged. We agree with the hearing committee and the disciplinary board that respondent acted negligently in neglecting the service of Ms. Magee's petition and altering the original petition after it had been filed with the trial court. After hearing testimony from respondent, the hearing committee made a credibility determination that respondent acted intentionally when he provided false information to the ODC. We generally accept the credibility evaluations made by those committee members "who were present during respondent's testimony and who act as the eyes and ears of this court." In re: Bolton, 02-0257 (La.6/21/02), 820 So.2d 548. Therefore, we cannot say the hearing committee was clearly wrong when it determined, based on its credibility findings, that respondent intentionally made false statements to the ODC during its investigation.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
We are aware of no prior opinions of this court addressing this precise misconduct. However, a somewhat similar fact situation was presented in In re: Waltzer, 04-1032 (La.10/8/04), 883 So.2d 973, in which the attorney neglected three legal matters, failed to communicate with her clients, failed to properly terminate the representation of her clients, failed to cooperate *1034 with the ODC in its investigation, failed to appear in response to subpoenas personally served on her, and gave false and misleading information to the ODC. For that misconduct, which was clearly more extensive than the misconduct at issue in the instant case, we imposed a two-year suspension. In In re: Bordelon, 04-0759 (La.1/7/05), 894 So.2d 315, we addressed a case involving an attorney who knowingly made false statements of material fact in connection with a disciplinary matter. Noting that the attorney had no prior disciplinary record, we imposed a sixty-day suspension.
The baseline sanction in the instant case falls somewhere at the mid-point between Waltzer and Bordelon. Considering all the circumstances, a suspension in the range of one year and one day is the appropriate baseline sanction.
In mitigation, we find respondent has expressed remorse for his regrettable lack of diligence in handling his client's legal matter and for the manner in which he sought to correct his mistake with respect to the service of the petition. Although respondent has a prior disciplinary record, his prior offenses are remote in time, and he has had no disciplinary infractions for nearly ten years. Respondent's actions appear to have caused no significant harm to his client, and but for the misleading statements to the ODC, this matter may have been more properly addressed in the context of a civil malpractice action rather than a disciplinary proceeding.
Considering all the facts of this case, we conclude the appropriate sanction is a suspension from the practice of law for one year and one day. However, in view of the mitigating factors, we will defer all but six months of the suspension. Following the completion of the active portion of his suspension, respondent shall be placed on unsupervised probation for a period of one year, subject to the condition that any misconduct during this period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.

DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Jerome W. Dixon, Louisiana Bar Roll number 18587, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that all but six months of the suspension shall be deferred. Following completion of the active portion of his suspension, respondent shall be placed on unsupervised probation for one year, subject to the condition that any misconduct during this period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
KIMBALL, J., dissents and assigns reasons.
VICTORY and TRAYLOR, JJ., dissent for the reasons assigned by KIMBALL, J.
KIMBALL, J., dissenting.
I respectfully dissent from the majority's imposition of a one year and one day suspension from the practice of law, with all but six (6) months deferred for respondent in this matter. For the reasons that follow, I agree with the recommendation of *1035 both the hearing committee and the Disciplinary Board, and would impose a one year and one day suspension from the practice of law for respondent, with no time deferred.
Respondent was repeatedly dishonest when questioned about his placement of service information on the petition for judicial partition of community property in this matter. Following the complaint filed against him on August 15, 2003, by Tracey Magee, in response to the complaint, respondent, through counsel, stated that when he filed the petition, he "requested that service be effected upon Ms. Magee's ex-husband and, consequently, it was assumed that the filing fees charged by the clerk included this request for service of process." In fact, however, respondent did not request service of process of the petition when it was filed, and he paid the filing fees at a later date.
In November, 2003, the Office of Disciplinary Counsel requested that respondent explain how he expected the sheriff to serve the petition without any service information and without payment to the sheriff for the service of process fee. Through counsel, respondent again stated that service was requested when the petition was filed. He also provided a copy of the petition in question, which contained the handwritten service information.
On February 17, 2005, respondent gave a sworn statement to the Office of Disciplinary Counsel. In the statement, respondent testified that he wrote the service information on the petition immediately before he filed it. When the Office of Disciplinary Counsel presented him with a copy of the microfilmed petition and asked him why the service information was not on it, respondent had no explanation.
Following the sworn statement, respondent indicated that his memory was erroneous. In fact, on April 15, 2003, respondent had gone to the clerk's office and written the service information on the original petition, which had already been filed with the clerk's office. At that time, he also paid an additional $60 to the clerk of court for service of the petition.
As mentioned, it was only after respondent was presented with the microfilm of the original petition that did not contain the service information that he found his memory of the facts incorrect. Based upon the record in this matter, in my view, respondent did not merely present "mistaken testimony," nor was his dishonesty a result of "poor memory." Respondent intentionally deceived and provided false information to the Office of Disciplinary Counsel during the course of this investigation, which is a serious violation of the Rules of Professional Conduct.
This court's prior jurisprudence indicates that a one year and one day suspension is in the range of discipline imposed for similar misconduct. In In re: Bordelon, 04-0759 (La.1/7/05); 894 So.2d 315, this court imposed a sixty-day suspension upon an attorney who knowingly made false statements of material fact in connection with a disciplinary matter but had no prior disciplinary record. In In re: Waltzer, 04-1032 (La.10/8/04), 883 So.2d 973, this court imposed a two year suspension upon an attorney who neglected three legal matters, failed to communicate with her clients, failed to properly terminate the representation of her clients, failed to cooperate with the Office of Disciplinary Counsel in its investigation, failed to appear in response to subpoenas personally served on her, and gave false and misleading information to the Office of Disciplinary Counsel. The attorney in Waltzer had a prior disciplinary record. It is important *1036 to note as well that the majority's decision today is a departure from the recommendation of both the hearing committee and the Disciplinary Board, which both found the appropriate sanction in this matter to be suspension from the practice of law for one year and one day.
In light of this court's prior jurisprudence imposing discipline for similar misconduct, coupled with aggravating factor of respondent's prior disciplinary record,[1] I would impose a one year and day suspension from the practice of law, with no time deferred.
NOTES
[1] This fact is evidenced by a microfilmed copy of the original petition made by the clerk's office on January 29, 2003, which does not contain any service information.
[2] The ODC contended that respondent committed the crimes of injuring public records (a violation of La. R.S. 14:132) and perjury (a violation of La. R.S. 14:123), both of which are felonies.
[3] In 1999, this court ordered that respondent be transferred to disability inactive status for issuing bad checks, which conduct was the direct result of his alcoholism and drug addiction. However, the court deferred the transfer to disability inactive status and placed respondent on supervised probation with conditions for two years. In re: Dixon, 99-1743 (La. 10/1/99), 744 So.2d 618. Respondent also received a public reprimand after formal charges were filed against him in 1994 for conduct involving neglecting legal matters, failure to communicate with clients, and failure to cooperate with the ODC.
[1] In 1999, this court ordered that respondent be transferred to disability inactive status for issuing bad checks, which conduct was the direct result of his alcoholism and drug addiction. However, the court deferred the transfer to disability inactive status and placed respondent on supervised probation with conditions for two years. In re: Dixon, 99-1743 (La.10/1/99); 744 So.2d 618. Respondent also received a public reprimand after formal charges were filed against him in 1994 for conduct involving neglecting legal matters, failure to communicate with clients, and failure to cooperate with the ODC.